**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| GEORGE F. SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:10-CV-136-TLS |
| | ) | |
| STATE OF INDIANA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

George F. Sanders, a prisoner proceeding pro se, filed an Amended Complaint [ECF No. 9], on June 14, 2010. Although he submitted the Court's Prisoner Complaint form as his Amended Complaint, he has done little more than write the equivalent of "see attached" on the form where causes of action and supporting facts are to be alleged, referencing the 222 additional pages that he has provided. Those pages are a rambling description of his claims against the five named Defendants. In the attached pages, the Plaintiff describes wide ranging and seemingly unrelated events. In addition, it appears that he may be seeking to have the Court review his criminal conviction.

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." This Complaint is neither short nor plain. Although "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[,]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted), "[j]udges are not like pigs, hunting for truffles buried in briefs [or pleadings]." *U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). The Supreme Court has observed:

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotation marks and citations omitted). It has also instructed:

> [A] plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (brackets, citations and footnote omitted). The Court is not able to properly evaluate his claim as required by 28 U.S. C. § 1915A. *See, e.g.*, *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006) ("What is true is that the complaint is confusing.") (citations omitted). Therefore, the Court will strike the Complaint and direct the Clerk to send the Plaintiff another complaint form.

In any amended complaint filed by the Plaintiff, he must clearly, briefly, and legibly explain each of his claims, when they arose, and why he believes each defendant is liable to him. Although it is not clear that the numerous claims that Sanders attempts to present against each Defendant are distinct claims, his allegation regarding each must establish how his claims are related. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits . . . ."). Here, the Plaintiff appears to be attempting to join claims related to his trial to claims related to event which occurred after he was incarcerated. The Seventh Circuit has stated:

> A buckshot complaint . . . say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected . . . . [The plaintiff] did not make any effort to show that the 24 defendants he named had participated in the same transaction or series of transactions or that a question of fact is "common to all defendants."

*George*, 507 F.3d at 607. In any amended complaint, the Plaintiff may only file related claims that are legible. If he has other claims, unrelated to those in this case, he may file them in other lawsuits, but not in this one. Therefore, the Clerk will be directed to send him two blank prisoner complaint packets.

For the foregoing reasons, the Court:

(1) **STRIKES** the Amended Complaint [ECF No. 9];

(2) **DIRECTS** the Clerk to send George F. Sanders two blank prisoner complaint packets;

(3) **DIRECTS** the Clerk to place this cause number on a blank prisoner complaint 42 U.S.C. § 1983 form and send it to George F. Sanders;

(4) **GRANTS** George F. Sanders up to and including November 19, 2010 to file any amended complaint; and

(5) **CAUTIONS** George F. Sanders that if he does not respond by that deadline, this case will be dismissed without prejudice and without further notice.

SO ORDERED on October 15, 2010.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT