UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| GEORGE F. SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:10-CV-136-TLS |
| | ) | |
| STATE OF INDIANA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court for a screening of the Plaintiff's Complaint and on the Plaintiff's Motion to Request an Enlargement of Time for Two More Months [ECF No. 36].

**PROCEDURAL BACKGROUND**

George F. Sanders, a prisoner proceeding pro se in this matter, initiated this case by filing a document captioned "Motion for Obstruction of Justice, Withholding, and Fraud and Denial of Due Process and Unreasonable Denial of Relevant Police Evidence for (PC) Post Conviction Relief and Unreasonable Application of Federal Law That Has Been Clearly Established" [ECF No. 1]. This document, which was 33 pages in length, set forth vague and confusing allegations. The Court issued an Order [ECF No. 5], striking the Plaintiff's filing and directing that the Plaintiff be sent a prisoner complaint form so that he could file an amended complaint.

The Plaintiff completed and filed the Prisoner Complaint [ECF No. 9]. However, in the section of the form in which he was to state the causes of action with supporting facts, the Plaintiff referenced materials (totaling 222 pages) that he had attached to the form, but he did not allege facts that supported the claims he was asserting. Because those pages were a rambling

description of seemingly unrelated events, the Court issued an Opinion and Order [ECF No. 16] striking the Amended Complaint. The Court stated that "Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain 'a short and plain statement of the claim showing that the pleader is entitled to relief' [and the Amended] Complaint is neither short nor plain." (ECF No. 16 at 1) (ellipses omitted.).) The Court also instructed the Plaintiff that in any amended complaint he filed "he must clearly, briefly, and legibly explain each of his claims, when they arose, and why he believes each defendant is liable to him." (*Id.* at 2.)

On December 15, 2010, the Plaintiff filed a second amended Complaint [ECF No. 32], which was a 73-page document with 124 pages of attachments. On February 11, 2011, he filed a Motion to Request an Enlargement of Time for Two More Months [ECF No. 36]. On May 6, the Plaintiff filed a third amended Complaint [ECF No. 43].

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), which provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief may be granted. *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). Under Rule 12(b)(6), a court construes a complaint in the light most favorable to the plaintiff, accepts well-pleaded facts as true, and draws all inferences in the plaintiff's favor. *Estate of Davis v. Wells Fargo Bank*, 633 F.3d 529, 533 (7th

Cir. 2011). However, a court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The Supreme Court has articulated the following standard regarding the factual allegations that are required to survive dismissal for failure to state a claim:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations, and footnote omitted). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Id.* at 1950–51. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). "[D]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. A plaintiff can also plead himself out of court if he pleads facts that preclude relief. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006). A plaintiff "pleads himself out of

3

court when it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008). Additionally, a document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).[1]

The Plaintiff's third amended Complaint starts with allegations against Defendants Stacey Speith and David McClamrock of the Allen County Prosecutor's Office and Defendant Fran Gull, a Judge of the Allen County Superior Court (collectively "the Trial Defendants"). All of the allegations against the Trial Defendants pertain to wrongs the Plaintiff alleges he suffered in his defense against charges in state court and in the post-conviction relief proceedings after he was convicted and sentenced. For the reasons stated below, the Court will dismiss all of the Plaintiff's claims against the Trial Defendants and dismiss these Defendants from the case.

The essence of most of the Plaintiff's claims against the Trial Defendants is that they withheld and/or destroyed exculpatory evidence during the Plaintiff's trial, delayed responding to the Plaintiff and his attorney in ways that prejudiced his defense during trial and during his post-conviction relief proceedings, and misled the jury during his trial. The doctrine of prosecutorial immunity provides that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Tully v. Barada*, 599 F.3d 591, 593 (7th Cir. 2010). The Plaintiff's allegations relate to how Defendant Speith, as supervised by Defendant McClamrock, presented the State of

---

[1] In this Opinion and Order, the Court is performing a function required by 28 U.S.C. § 1915A, and it reviews the Complaint only for cognizable claims, not for whether the Plaintiff will succeed on the merits. Consequently, the cases cited by the Plaintiff in his Complaint do not in and of themselves show whether he has actually stated any cognizable claims.

Indiana's case, and the related claims are barred by absolute prosecutorial immunity. To the extent that any of Defendant Speith's or Defendant McClamrock's actions could be construed as administrative or investigative, and thus not barred by prosecutorial immunity, those claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). *Heck* precludes civil rights suits where success would undermine or imply the invalidity of a criminal prosecution without proof "that the conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.*; *Smith v. Gomez*, 550 F.3d 613, 616 (7th Cir. 2008). The Plaintiff claims that he was wrongly convicted as a result of the Trial Defendants' actions. Without a reversal of the Plaintiff's conviction, he cannot proceed on his claims against Defendants Speith and McClamrock, even if they are not barred by prosecutorial immunity.

The Plaintiff alleges that the Trial Defendants "have him beat up and teeth broken by (guards in Seg.) and his Heart Medication taken Away. (putting his life At Risk.)." (ECF No. 43 at 5) (punctuation and emphasis in original).) Although the Plaintiff may believe that Defendants Speith and Gull ordered Defendant Hoover to have him beaten, these allegations are conclusory and speculative. *Iqbal*, 129 S. Ct. at 1949 (stating that "'naked assertion[s]' devoid of 'further factual enhancement'" are not sufficient to state a claim for relief). Thus, these claims against Defendant Speith and Defendant Gull will be dismissed.

The Plaintiff's claims against Defendant Gull are also confusing. It appears that he intends to allege that he disagreed with Defendant Gull's rulings during his trial. A judge is entitled to absolute immunity for judicial acts regarding matters within the court's jurisdiction, even if the judge's "exercise of authority is flawed by the commission of grave procedural

5

errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978); *Brokaw v. Mercer County*, 235 F.3d 1000, 1015 (7th Cir. 2000). Here, all of Defendant Gull's rulings in regard to the admissibility of evidence, the handling of evidence, and the Plaintiff's appointed counsel were within the jurisdiction of the Allen Superior Court. Therefore, the Plaintiff's claims against Defendant Gull will be dismissed.

The Plaintiff alleges in earlier filings that Defendants Hoover, Tobin, and Clare Barnes ordered other guards to beat and attempt to kill him. The Plaintiff also alleged in earlier filings that Defendant Hoover (and the segregation unit case manager, Defendant Tobin) prevented him from receiving medication for his heart disease. These allegations may state a claim for a violation of the Eighth Amendment, but the Plaintiff failed to reiterate these allegations in his third amended Complaint. The Plaintiff's third amended Complaint supersedes his earlier Complaint; thus, the case may not proceed based on allegations contained in an earlier pleading. *See Wellness Community-Nat'l v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995) (stating that "it is well established that the amended pleading supersedes the original pleading"); *see also Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004) (noting that "[i]t is axiomatic that an amended complaint supersedes an original complaint and renders the original complaint void"). The Court will provide the Plaintiff with leave to file an amended complaint raising only allegations against Defendants Hoover, Tobin, and Clare Barnes.

In his Motion to Request an Enlargement of Time for Two More Months, the Plaintiff requests additional time to "prepare suit documents" (ECF No. 36 at 1) because, in his view, he was retaliated against by being moved to the New Castle Correctional Facility and because winter weather prevented him from accessing the law library. It appears that the Plaintiff may have

already filed the pleading that the Motion referenced and that the Court has now screened that pleading—the third amended Complaint—in this Opinion and Order. The Plaintiff need not file any other documents at this stage in the litigation beyond what he is specifically granted leave to file below. Consequently, the Court will deny the Plaintiff's Motion as moot.

## CONCLUSION

For the foregoing reasons, the Court:

(1) GRANTS the Plaintiff leave to file, on or before August 1, 2011, an amended complaint stating only claims against Defendants Hoover, Tobin, and Barnes for ordering other guards to attack the Plaintiff and for denying him access to prescribed medication; the Plaintiff's amended complaint may not plead any claims against Defendants Speith, McClamrock, or Gull, which are dismissed below;

(2) DISMISSES WITHOUT PREJUDICE the claims against Defendants Speith and McClamrock;

(3) DISMISSES WITH PREJUDICE all other claims;

(4) DISMISSES Defendants Stacey Speith, David H. McClamrock, and Fran Gull; and

(5) DENIES AS MOOT the Plaintiff's Motion to Request an Enlargement of Time for Two More Months [ECF No. 36].

SO ORDERED on June 30, 2011.

  s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT