```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         FORT WAYNE DIVISION
```

GEORGE F. SANDERS,              )
                                )
        Plaintiff,              )
                                )
        v.                      )       CAUSE NO.: 1:10-CV-136-TLS
                                )
STATE OF INDIANA, *et al.*,     )
                                )
        Defendants.             )

## OPINION AND ORDER

George F. Sanders, a prisoner who is proceeding pro se in this matter, filed a document captioned, "Tort Claim for Property Loss and Damages" [ECF No. 46]. Although the Clerk docketed that filing as an amended complaint, given the procedural history of this case the Court will not treat it as an amended complaint. First, the Plaintiff has not included any of his prior claims in this filing. Rather, it appears that he is presenting only new claims. Because it seems improbable that he has abandoned all of his prior claims, the Court will not accept this filing as an amended complaint.

Furthermore, in its June 30, 2011, Opinion and Order, the Court reviewed two previous amended complaints. After discussing his various claims, the Court granted the Plaintiff leave to file a single "amended complaint stating only claims against Defendants Hoover, Tobin, and Barnes for ordering other guards to attack the Plaintiff and for denying him access to prescribed medication." (ECF No. 45 at 7.) Given that the Plaintiff's "Tort Claim" was filed only days after the Court issued its June 30 Opinion and Order, it does not appear that the Plaintiff's filing is responsive to the June 30 Opinion and Order. Therefore, the Court will strike the Plaintiff's "Tort Claim" filing. To avoid confusion, the Court will also strike the Plaintiff's two prior amended complaints. The Court will grant the Plaintiff an opportunity to file a single amended complaint,

that includes all of the claims he is attempting to present in this case. The Plaintiff is reminded that his amended complaint should include "a short and plain statement of the claim showing that [he] is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Additionally, Northern District of Indiana Local Rule 15.1 provides that:

> A party who moves to amend a pleading shall attach the original of the amendment to the motion. Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference. A failure to comply with this rule is not grounds for denial of the motion.

The Plaintiff also filed a document captioned "Plaintiff's Motion for a Preliminary Injunction" [ECF No. 47]. Because the Plaintiff does not have a pending complaint, there are no claims upon which such relief may be granted. Thus, the motion for a preliminary injunction must be denied.

On July 13, the Plaintiff filed a document captioned "Supplement to Reversal of Courts June 30, 2011, Decision" [ECF No. 49]. This Supplement presents the Plaintiff's argument that new Indiana caselaw on judicial immunity requires this Court to reconsider its June 30 Opinion and Order. The Plaintiff discusses a case involving a judge threatening individuals with a loaded firearm, but that case is not analogous to the rulings during trial that the Plaintiff attempted to raise in his last amended complaint. The Court will strike this Supplement and cautions the Plaintiff to file only an amended complaint stating claims against Defendants Hoover, Tobin, and Barnes for ordering other guards to attack the Plaintiff and for denying him access to prescribed medication.

The Plaintiff also filed a document captioned "Motion to Correct Errors and 'Special Findings'" [ECF No. 48]. The Plaintiff is not seeking to correct any error in this proceeding. Rather, he is attempting to have this Court correct errors that he believes were made during his state criminal trial. "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges

the fact or duration of his confinement and seeks immediate or speedier release . . . ." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). This case is a civil rights lawsuit, not a habeas corpus case. Moreover, this proceeding may not be converted into a habeas corpus case. *See Moore v. Pemberton*, 110 F.3d 22 (7th Cir. 1997). The Court will deny the Motion. Although the court cannot give legal advice and expresses no opinion as to the wisdom of filing a habeas corpus petition to challenge the Plaintiff's conviction, the Clerk will be directed to send the Plaintiff a habeas corpus petition so that he may file it if he deems such a filing appropriate.

For the foregoing reasons, the Court:

(1) **STRIKES** the pleading documents [ECF Nos. 32, 43, and 46];

(2) **STRIKES** the Supplement [ECF No. 49];

(3) **DENIES** the Motion for Preliminary Injunction [ECF No. 47];

(4) **DENIES** the Motion to Correct Error [ECF No. 48];

(5) **DIRECTS** the Clerk to send the Plaintiff a blank habeas corpus petition;

(6) **DIRECTS** the Clerk to place this cause number on a blank Prisoner Complaint 42 U.S.C. § 1983 form and send it to the Plaintiff;

(7) **GRANTS** the Plaintiff up to and including August 30, 2011, to file an amended complaint on that form; and

(8) **CAUTIONS** the Plaintiff that if he does not respond by that date, this case will be dismissed without further notice.

SO ORDERED on July 18, 2011.

     s/ Theresa L. Springmann
     THERESA L. SPRINGMANN
     UNITED STATES DISTRICT COURT